UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MARY E. HENDERSON,

    Plaintiff,

vs.                                    CASE NO. 3:05-cv-861-J-HTS

JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration,

    Defendant.
_____

### **OPINION AND ORDER**[1]

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #4; Motion), filed on November 14, 2005. Initially, Plaintiff failed to respond to the Motion, and on December 12, 2005, the Court afforded her another opportunity to do so. Order (Doc. #8). Plaintiff's Response to Defendant's Answer (Doc. #9; Response) was then submitted on December 23, 2005. Defendant's Response to Plaintiff's Response to

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #6).

Defendant's Answer (Doc. #12; Reply) was filed on January 12, 2006.[2]

As the Commissioner filed evidence in support of the Motion, the Court construed it as a motion for summary judgment. Order (Doc. #13), entered on January 19, 2006, at 1 (citing Rule 12(b), Federal Rules of Civil Procedure). Claimant was thus invited to submit additional evidence in support of her Response. *Id.* at 1-2. On January 27, 2006, Plaintiff's Response to Defendant's Answer (Doc. #14; Second Response), duplicative of the Response, was filed. On that same date, Ms. Henderson also submitted Plaintiff's Motion for Production of the Certified Administrative Transcript (Doc. #15; Motion for Production), Plaintiff's Motion [to] Admit Proposed Exhibit Three (Doc. #16; Motion to Admit Exhibit), and Plaintiff's Motion for Oral Argument (Doc. #17; Motion for Argument). The Motion to Admit Exhibit was granted, but the Motion for Production was stricken. Order (Doc. #18). Because the parties have had ample opportunity to brief the matter, the Motion for Argument will be denied.

Asserting the Second Response does not reflect the actual electronic submission, Plaintiff has now moved to admit what she states was the intended filing. Plaintiff's Motion to Admit Plaintiff's Second Response (Doc. #19; Motion to Admit), filed on

---

[2] The Reply was filed with leave of court. Order (Doc. #11), entered on January 11, 2006.

February 3, 2006, at 1-2. Defendant's Responses to Plaintiff's Motion to Admit Plaintiff's Second Response; Plaintiff's Second Response; Plaintiff's Motion Admit [sic] Proposed Exhibit Three; Plaintiff's Motion for Oral Argument (Doc. #20) was filed on February 10, 2006. In ruling on the Motion, the Court will consider Plaintiff's Second Response (Final Response) and grant the Motion to Admit, to which it is attached.

Defendant argues the case should be dismissed since "Plaintiff failed to exhaust administrative remedies with respect to the claim for benefits and, therefore, did not receive a 'final decision' of the Commissioner, an essential prerequisite to judicial review[.]" Motion at 1. Specifically, the Commissioner notes that, "[u]pon Plaintiff's request, an administrative law judge (ALJ) dismissed [her] request for a hearing[,]" *id.* at 1, and the Appeals Council declined to let her change her position. *Id.* at 2.

Claimant admits she "agreed to dismiss [her] disability insurance benefits claim." Response at 1; *see also* Final Response at 4. However, she characterizes this decision as having been made "under the influence of the ALJ presence[.]" Response at 1; *see also* Final Response at 4, 6-7. Further, she contends "[t]he agency should now be estopped from asserting a dismissal" due to its "consent for the filing of this lawsuit" as articulated "in the Action of the Appeals Council, dated July 20, 2005." Response at 2. Ms. Henderson also maintains dismissal of her case "would

- 3 -

violate her due process rights by virtue of an incorrect play of words." *Id.* at 3; *see also* Final Response at 6. She argues a certified administrative transcript is necessary, since it would reveal "the ALJ contributed directly to the Plaintiff's misguided agreement to withdraw her request for hearing." Final Response at 4.

In the alternative, Claimant "suggests that a remand pursuant to sentence six would permit the Social Security Administration to finalize a determination to the Commissioner's liking and understanding of finality." *Id.* at 8. Finally, she "advises the Court that the certified transcript is expected to contain new evidence from the treating psychiatrist." *Id.* According to Plaintiff, "this new evidence (which was first submitted to the Appeals Council) will qualify as being reviewable under the precedent as found in Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988)." *Id.*

### **Legal Standard**

The party asserting a claim bears the burden of establishing subject matter jurisdiction. *Sweat Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005); *see also OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (plaintiff must prove basis of subject matter jurisdiction where factual challenge mounted). In Social Security benefits cases, jurisdiction is authorized by 42 U.S.C. 405(g), which provides, in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Ordinarily, judicial review is barred absent a "final decision[,]" *id.*, of the Commissioner of Social Security, which is considered "central to the requisite grant of subject-matter jurisdiction[.]" *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975).

### Discussion

Plaintiff admits she withdrew her claim, but emphasizes "[a] hearing on the merits was in fact conducted." Response at 1. She does not, though, allege the ALJ rendered a determination on the merits. *See also* Order of Dismissal, attached to Motion as part of Exhibit 1 (ALJ stating "claimant's attorney advised [her] on the record that, after consultation with his client, they were withdrawing the request for hearing"). It is apparent there was no decision made after a hearing as contemplated by the statute. "[T]he fact that her hearing request was withdrawn after the hearing had commenced is without significance." *Matos-Cruz v. Comm'r of Soc. Sec.*, No. 98-1123, 1998 WL 1085788, at *2, 187 F.3d 622 (Table) (1st Cir. Oct. 7, 1998).

Of course, in certain circumstances it would be unfair to deny review due to the absence of a final decision, such as where the

Commissioner is alleged to have prevented generation of a decision by disregarding due process requirements. Accordingly, an exception to the necessity of a final decision exists for instances where a claimant presents a colorable constitutional challenge. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Sherrod v. Chater*, 74 F.3d 243, 245 (11th Cir. 1996) (per curiam). Plaintiff contends her allegation "that the ALJ . . . played an active role in the misguided request to withdraw . . . . presents a 'colorable constitutional claim.'" Final Response at 6-7 (citing *Hall v. Bowen*, 840 F.2d 777, 778 (11th Cir. 1987) (per curiam)). Nevertheless, she cites no authority suggesting her claim is colorable. Indeed, the case she does reference undercuts her assertion. Therein, the Eleventh Circuit opined no colorable claim was raised where the plaintiff "was represented by counsel and had an opportunity to present evidence." *Hall*, 840 F.2d at 778; *see also Sherrod*, 74 F.3d at 246. Ms. Henderson disputes neither that she was represented by an attorney nor that an opportunity to bring forth evidence was afforded. Her argument centers on an allegation her lawyer was persuaded by "polite" but legally incorrect "comments" made by the ALJ. Final Response at 4. These grounds do not constitute a violation of due process conferring subject matter jurisdiction upon this Court.[3] In regard to the administration's

---

[3] Since the allegations themselves do not suggest a colorable claim of due process violation, production of the administrative transcript has not been shown necessary.

decision to let stand the effect (dismissal) of Ms. Henderson's withdrawal, she makes no convincing argument such decision (to the extent it is reviewable at all) was inconsistent with applicable law.

Claimant's estoppel argument is also unpersuasive. She maintains the July 20, 2005, Appeals Council notice acknowledged "her right to file an appeal to the Federal District Court." Response at 2. Even assuming such a notice would be sufficient to confer jurisdiction, Claimant has failed to introduce any evidence of the communication. To the contrary, the only copy of the July 20, 2005, notice apparently in the record is attached to the Motion as Exhibit 3. The document sets forth nothing regarding a right of appeal or consent to suit.[4] In short, Plaintiff points to no evidence the Commissioner waived an exhaustion requirement or should be estopped from asserting it.

### Conclusion

In view of the foregoing it is hereby

**ORDERED**:

1. The Motion for Argument (Doc. #17) is **DENIED**.

2. The Motion to Admit (Doc. #19) is **GRANTED**.

---

[4] As Plaintiff's other arguments do not relate to a potential alternative basis for jurisdiction, they are necessarily unprevailing. Additionally, the Court does not find a need for inclusion of special language in its dismissal. *Cf.* Response at 4; Final Response at 7.

3. The Motion (Doc. #4) is **GRANTED** and this case is hereby **DISMISSED** without prejudice.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of February, 2006.

>                             /s/        Howard T. Snyder
>                             HOWARD T. SNYDER
>                             UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and *pro se* parties, if any